BLAIR E. HILDEBRAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hildebrand v. Commissioner
Docket No. 17342-79.
United States Tax Court
T.C. Memo 1980-532; 1980 Tax Ct. Memo LEXIS 56; 41 T.C.M. (CCH) 460; T.C.M. (RIA) 80532; December 1, 1980
Blair E. Hildebrand, pro se. Glenn C. Guritzky, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 401.84 in petitioner's income tax for the taxable year ended December 31, 1975, and imposed an excise tax of $90 under section 4973. [1] The issues for decision are: (1) the deductibility of a $ 1,500 contribution to an individual retirement account and (2) whether any portion of such contribution constitutes an excess contribution within the meaning of Section 4973. *57 All of the facts have been stipulated and are found accordingly. Petitioner resided in Hightstown, N.J., at the time of filing of his petition herein. He timely filed a joint income tax return for 1975 with his then wife (who is not a party to this proceeding). From August 1, 1975, until some time in September 1975, petitioner was an active participant in a qualified pension plan. He contributed $ 100 to the plan, and the parent company of his employer contributed $ 50 for his account. When his employment was terminated, petitioner's $ 100 contribution was refunded to him and the remaining $ 50 in his account was forfeited. During 1975 and after his aforesaid employment was terminated, petitioner contributed $ 1,500 to an individual retirement account and deducted the same on his 1975 tax return. Respondent disallowed the deduction and imposed the 6-percent excise tax under section 4973. This case is controlled by , affd. . The key fact which is determinative of the disallowance of the deduction and of the amount of the excess contribution to which the 6-percent *58 excise tax applies is that petitioner was an "active participant" in a qualified plan during the taxable year. Although the very short duration of petitioner's participation may make it extremely unfair to deny him the deduction and impose the excise tax, the statute (section 219) specifically provides that no deduction shall be allowed for any contribution to an individual retirement account if an individual was "an active participant" for "any part" of the taxable year. [2] (Emphasis added.) Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue.↩
2. See ; , and cases cited therein; .↩